## CITY OF TUSCUMBIA *vs.* LINDSAY.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Acts of Congress of April 20th,* 1818, *and March 3d,* 1817, *construed.*
   The acts of congress, approved April 20, 1818, and March 3, 1817, authorizing the reservation of ten sections in any one land district, in the Alabama and Mississippi territories, for the purpose of laying out and establishing towns thereon, did not donate any title or interest in the sections so reserved, to the State of Alabama, or the towns built upon them.

APPEAL from Chancery Court of Franklin.
Heard before Hon. WILLIAM SKINNER.

This is a bill filed by the appellant against the appellee, to enforce a vendor's lien in favor of the "City of Tuscumbia," for the purchase-money of certain lots in said city, formerly sold to the appellee, Mrs. Lindsay. The facts on which the defense rests show that the lots thus sold consisted of a part of "the commons on the north side of said city." And it is contended by the said appellee that said city authorities had no power to sell the lands composing said "commons," and that they cannot make a good and sufficient title to the same. The answer, also, shows that Mrs. Lindsay is, and always has been, "ready and willing to pay the full amount of said purchase-money for said lots, when the complainant is able to give her a *bona fide* and perfect legal title to said lots." There was no controversy about the facts, and the cause turned upon the authority of the city, under the acts of congress, to make said sale. These acts are fully noticed in the opinion. At the hearing, the chancellor dismissed the bill, and taxed the complainant, who is the appellant in this court, with the costs. For this decree, the said city appeals to this court.

GOLDTHWAITE, RICE & SEMPLE, for appellant.

R. C. BRICKELL, for appellee.

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—The appellant filed a bill to enforce the vendor's lien upon a lot in the city of Tuscumbia, sold to the appellee.

The answer admits the sale, and the non-payment of the purchase-money, but denies the right of appellant to make the sale, on account of want of title. The appellant claimed, under its charter, the usual authority over its streets and commons given to towns and cities for the general benefit of their citizens. It also sought to derive title to the lot in question, or power to dispose of it, under an act of congress, passed April 20, 1818.—Statutes U. S., vol. 3, p. 466. This act authorized the reservation of not

exceeding ten sections of land in any one land district, to be designated by the president of the United States, for the purpose of laying out and establishing towns thereon, to be laid off into lots, and offered for sale in the manner, and on the terms and conditions, prescribed in " An act to authorize the appointment of a surveyor for the lands in the northern part of the Mississippi territory, and the sale of certain lands therein described," approved March 3, 1817. This act, in section 5, authorized the president of the United States to cause the sections so reserved to be laid off into lots, under the direction of the surveyor. Plots of the survey were to be transmitted to the commissioner of the general land office, and the register of the land office. The lots were then to be offered for sale to the highest bidder, at public sale, at such time as the president should appoint by proclamation, and sold on the same terms and conditions, in every respect, (except as to the quantity of land) as have been, or may be, provided for the sale of the other public lands in the district ; provided, no lot should be sold for less than six dollars an acre.—U. S. Stat., vol. 3, p. 375.

No other right, title, or ownership in the lot sold to the defendant, is alleged by the complainant, than is conferred by these two acts of congress, and its charter granted by the State. It is plain that the United States did not, by the acts referred to above, donate any title or interest in the sections of land reserved for the establishment of towns, to the State, or the towns built upon them. They were to be sold as other public lands, and the title to them was to remain in the United States until sold.

The decree is affirmed.